# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEJA M. NUNN,<br><br>                           Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Respondent. | Case No. 19-CV-199-JPS<br>Crim. Case. No. 15-CR-51-3-JPS<br><br>**ORDER** |

        In January 2016, the Court sentenced Petitioner to 99 months' imprisonment for multiple armed robberies. *United States v. Deja M. Nunn*, Case No. 15-CR-51-3-JPS, (Docket #148). She did not appeal her convictions or sentence. On July 27, 2016, Petitioner filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, the federal habeas corpus statute. *See Deja M. Nunn v. United States of America*, Case No. 16-CV-988-JPS, (Docket #1). That motion was denied on its merits in April 2017. *Id.*, (Docket #8). On February 7, 2019, Petitioner filed the instant motion, which is her second attempt to vacate her convictions and sentence under Section 2255. (Docket #1).[1]

        Federal prisoners are generally limited to bringing only one motion under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion

---

[1] In her current motion, Petitioner claims that she had not filed any prior motions attacking the judgment in her criminal case. (Docket #1 at 2) (checking the "no" box under the question: "Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?"). This is patently false. Petitioner should avoid lying to the Court, or else she may be subject to sanction.

contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner's motion is not accompanied by any authorization from the Seventh Circuit Court of Appeals as required by Section 2255(h). The Court must, therefore, deny Petitioner's motion for lack of jurisdiction. *Vitrano v. United States*, 643 F.3d 229, 232 (7th Cir. 2011).

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct her sentence (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge